**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-CR-20-TCK |
| | ) | |
| SIDNEY IILAND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

By Order filed November 21, 2006 (Dkt. # 699), the Court granted the Motion for Return of Seized Property (Dkt. # 697) filed by Defendant Sidney Iiland (hereinafter "Mr. Iiland"). For the reasons discussed below, the Court finds the Order shall be vacated. The property at issue shall be distributed as directed herein.

The property sought by Mr. Iiland includes $1,795.00, a video camera, a photo album, and VHS videotapes. After entry of the Court's Order granting the motion for return of seized property, Mr. Iiland's estranged wife, Latrice Iiland (hereinafter "Ms. Iiland"), filed a "motion for release of money and property, and objections to Court ordered distribution of funds and property" (Dkt. # 702). Ms. Iiland claims that money belongs to her since it was from her income tax refund check which she had cashed just before the police seized it. Ms. Iiland also claims that the remaining property also belongs to her, and includes an "embarrassing video tape" of her. See Dkt. # 702. She requests that the Court's Order be set aside and that this matter be set for hearing. See Dkt. # 705.

The government filed a response to the motion filed by Ms. Iiland indicating that in light of the recent filings in this matter, the property at issue is being maintained pending resolution of the claims to the property. See Dkt. # 704. The government has also filed a notice (Dkt. # 706), advising that there appears to be a pending, unresolved divorce action involving Mr. Iiland and Ms.

Iiland, in Tulsa County District Court, Case No. FD-2003-3674, and providing a copy of a letter received from Mr. Iiland on December 15, 2006.

On January 30, 2007, Ms. Iiland filed an "amended motion for release of money and property (Dkt. # 707), asserting that "the government knew the money was hers." She requests that the Court direct the U.S. Attorneys and their agents and associates to release the money and property in question to her forthwith. Id. On February 1, 2007, the government filed a response (Dkt. # 708) to Ms. Iiland's amended motion. The government acknowledges possession of a total of $1,825.00, including the $1,795.00 currently at issue and $30.00 taken from a jacket at Mr. Iiland's apartment, a Sony 8 mm Handy Cam -- video camera, a photo album, and one 8 mm video tape. See Dkt. # 709.

Based on the pleadings filed to date, the Court finds that Ms. Iiland's request to set aside the Court's Order (Dkt. # 705) shall be granted and the Order (Dkt. # 699) directing release of the property at issue to Mr. Iiland or his designee shall be vacated. The Court further finds that Ms. Iiland's request for a hearing (Dkt. # 705) shall be denied. The motions for return of seized property shall be granted in part and denied in part as follows: unless either Mr. Iiland or Ms. Iiland submits documentation or Affidavits, within fifteen (15) days of the entry of this Order, demonstrating entitlement to the $1,795.00, the Court will direct that the $1,795.00 be divided equally, with $897.50 released to Ms. Iiland, and $897.50 released to Mr. Iiland's designee. Based on representations by the parties and in the interests of justice, the Court finds that the 8 mm videotape shall be released to Ms. Iiland. The Sony 8mm Handy Cam video camera, the photo album, and the $30.00 taken from a jacket shall be released to Mr. Iiland's designee. The government shall prepare acknowledgments of receipt to be executed by any person receiving the property discussed herein. The acknowledgments of receipt shall be filed of record in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The motion to set aside Order (Dkt. # 705) is **granted**.

2. The Court's Order (Dkt. # 699) granting Defendant Sidney Iiland's motion for return of seized property is **vacated**.

3. The motion for hearing (Dkt. # 705) is **denied**.

4. The motions for return of seized property (Dkt. #s 697, 702, 707) are **granted in part** and **denied in part** as follows:

    a. Mr. Iiland's motion (Dkt. # 697) is **granted** as to the return of the Sony 8 mm Handy Cam video camera, the photo album, and the $30.00 taken from a jacket, and **denied** as to the remaining items of property. Within 30 days of the date of this Order, Mr. Iiland shall identify, via a sworn statement, a designee to accept those items. Upon receipt of Mr. Iiland's sworn statement, the government shall release the Sony 8mm Handy Cam video camera, the photo album, and the $30.00 to Mr. Iiland's designee within a reasonable time and consistent with the rules and regulations of the Bureau of Prisons, if applicable. The government shall prepare an acknowledgment of receipt to be executed by Mr. Iiland's designee and filed of record in this case.

    b. Ms. Iiland's motion (Dkt. # 702), as amended (Dkt. # 707), is **granted** as to the 8 mm video tape and **denied** as to the remaining items of property. Within 30 days of the date of this Order, the government shall return the 8 mm video tape to either Ms. Iiland or to her attorney of record. The government shall prepare an acknowledgment of receipt to be executed by Ms. Iiland or her attorney and filed of record in this case.

    c. Within fifteen (15) days of the entry of this Order, each party shall either provide documentation demonstrating entitlement to the $1,795.00, or submit an Affidavit

3

explaining where the money at issue came from and why it is his or hers. If the Court determines that neither party has demonstrated clear entitlement to the entire sum, an Order will be entered directing that the money shall be divided equally between them, with $897.50 released to Ms. Iiland, and $897.50 released to Mr. Iiland's designee.

DATED THIS 26th day of February, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE